**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARK PACCHINI,<br><br>                       Plaintiff,<br><br>v.<br><br>FRONTEIR HOCKEY OÜ, a Foreign Corporation; BOSPORT S.R.O., a Foreign Corporation; and MONTREAL HOCKEY CO. LLC,<br><br>                       Defendants. | Case No. 1:19-cv-03436<br><br>District Judge: Hon.<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT AT LAW**

Plaintiff, MARK PACCHINI (hereinafter "PLAINTIFF"), through his undersigned counsel, hereby files this Complaint at Law for Damages against Defendants, FRONTIER HOCKEY OÜ, a Foreign Corporation (hereinafter "FRONTIER"); BOSPORT S.R.O., a Foreign Corporation (hereinafter "BOSPORT"); and MONTREAL HOCKEY CO. LLC (hereinafter "MONTREAL").

## **INTRODUCTION**

1. On August 11, 2018, Plaintiff, MARK PACCHINI, sustained serious bodily injury and physical harm while he was engaged in a hockey game and wearing a Front-Line Visor, serial number EN ISO 10256 (the "Subject Front-Line Visor"), designed, manufactured, sold and distributed by Defendants, and each of them.

2. Specifically, Plaintiff, MARK PACCHINI, was injured when an offensive player came down the wing and shot the puck, which deflected off of Plaintiff's stick and into the Subject Front-Line Visor, causing the Visor to shatter and resulting in serious injuries to Plaintiff, MARK PACCHINI (the "Incident").

## THE PARTIES

3.      Plaintiff, MARK PACCHINI, an individual, is a citizen and resident of the State of Illinois and the United States.

4.      Defendant, FRONTIER HOCKEY OÜ ("FRONTIER"), is a foreign private limited company by shares (known as an *osaühing*), akin to a privately held corporation in the United States, organized and existing under the laws of Estonia, with its principal place of business at Voiste, Parnumma, Estonia.

5.      At all relevant times, FRONTIER was engaged in the international business of designing, manufacturing assembling, testing, servicing, and selling commercial hockey equipment and accessories, including, specifically, the Subject Front-Line Visor, serial number EN ISO 10256, through global agents and representatives, including agents and representatives in the United States and in Illinois.

6.      At all relevant times, FRONTIER had an agreement with a distributor in the United States marketing to, targeting and selling its products to customers located in the United States, including, specifically, in the State of Illinois, and had dealers located at various locations in the United States, including the State of Illinois, who were authorized to sell FRONTIER'S products, including, specifically, the Subject Front-Line Visor, serial number EN ISO 10256.

7.      Defendant, BOSPORT S.R.O. ("BOSPORT"), is a foreign private limited company which is by capital and not by shares (known as a *společnost s ručením omezeným*), akin to a limited liability company in the United States, organized and existing under the laws of the Czech Republic, with its principal place of business at Skuteč, Pardubický, Czech Republic, and, based on information and belief, each of its members is a citizen and resident of the Czech Republic.

8.     At all relevant times, BOSPORT was engaged in the international business of designing, manufacturing assembling, testing, servicing, and selling commercial hockey equipment and accessories, including, specifically, the Subject Front-Line Visor, serial number EN ISO 10256, under the FRONTIER brand, through global agents and representatives, including agents and representatives located in the United States.

9.     Defendant, MONTREAL HOCKEY CO. LLC ("MONTREAL"), is a limited liability company organized and existing under the laws of the State of Connecticut, with its principal place of business at Stamford, Connecticut.

10.    Defendant, MONTREAL, has one member of the limited liability company, Markku Maunula, who is a citizen and resident of the State of Connecticut.

11.    Defendant, MONTREAL, was and is the U.S.-based distributor of hockey equipment and accessories manufactured by FRONTIER and/or under the FRONTIER brand, and distributed FRONTIER-brand products, including the Subject Front-Line Visor, serial number EN ISO 10256, to dealers located across the United States, including multiple locations in the State of Illinois.

12.    At all relevant times, FRONTIER, BOSPORT and MONTREAL, and each of them, knew, were fully aware, and specifically intended that consumers in the State of Illinois would purchase and use FRONTIER-brand hockey equipment and accessories, including the Subject Front-Line Visor, serial number EN ISO 10256, within the State of Illinois.

13.    Plaintiff, MARK PACCHINI, purchased the Subject Front-Line Visor, serial number EN ISO 10256, from a dealer located in the State of Illinois and was injured while wearing the Subject Front-Line Visor, serial number EN ISO 10256, while he was physically in the State of Illinois.

3

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 on the ground that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties.

15.     Plaintiff, MARK PACCHINI, an individual, is a citizen and resident of the State of Illinois.

16.     Defendant MONTREAL is a citizen of the State of Connecticut because it has its principal place of business in Stamford, Connecticut, and its sole member is a citizen and resident of the State of Connecticut.

17.     Defendant, FRONTIER HOCKEY OÜ ("FRONTIER"), is a citizen of a foreign state because it is a private limited company by shares (known as an *osaühing*), akin to a privately held corporation in the United States, organized and existing under the laws of Estonia, with its principal place of business at Voiste, Parnumma, Estonia.

18.     Defendant, BOSPORT S.R.O. ("BOSPORT"), is a citizen of a foreign state because it is a private limited company which is by capital and not by shares (known as a *společnost s ručením omezeným*), akin to a limited liability company in the United States, organized and existing under the laws of the Czech Republic, with its principal place of business at Skuteč, Pardubický, Czech Republic, and, based on information and belief, each of its members is a citizen and resident of the Czech Republic.

19.     Plaintiff, MARK PACCHINI, prays for judgment in excess of five-hundred thousand dollars ($500,000.00+) exclusive of interest and costs.

20.     Personal jurisdiction over FRONTIER is proper pursuant to 735 ILCS § 5/2-209 in that it is doing business in this State and has continuous and systematic contacts with this State; it committed a tortious act within this State arising from those contacts; it directed specific activities to the State of Illinois from which the tortious act arose; and/or the exercise of personal jurisdiction over it is otherwise permitted by the Illinois Constitution and the Constitution of the United States.

21.     Personal jurisdiction over BOSPORT is proper pursuant to 735 ILCS § 5/2-209 in that it is doing business in this State and has continuous and systematic contacts with this State; it committed a tortious act within this State arising from those contacts; it directed specific activities to the State of Illinois from which the tortious act arose; and/or the exercise of personal jurisdiction over it is otherwise permitted by the Illinois Constitution and the Constitution of the United States.

22.     Personal jurisdiction over MONTREAL is proper pursuant to 735 ILCS § 5/2-209 in that it is doing business in this State and has continuous and systematic contacts with this State; it committed a tortious act within this State arising from those contacts; it directed specific activities to the State of Illinois from which the tortious act arose; and/or the exercise of personal jurisdiction over it is otherwise permitted by the Illinois Constitution and the Constitution of the United States.

23.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## **FACTUAL ALLEGATIONS**

24.     On August 11, 2018, Plaintiff, MARK PACCHINI, was participating in a hockey game in Vernon Hills, Illinois and was wearing the Subject Front-Line Visor, serial number EN ISO 10256.

25.     On August 11, 2018, during the hockey game, another player shot the puck which deflected off Plaintiff, MARK PACCHINI'S, stick and into the Subject Front-Line Visor, serial number EN ISO 10256.

26.     The impact of the puck striking the Subject Front-Line Visor caused the visor to shatter resulting in serious bodily injuries and physical harm to Plaintiff, MARK PACCHINI.

27.     Specifically, as a result of the impact Plaintiff, MARK PACCHINI, sustained serious bodily injuries, including, but not limited to, fractures of the nasal bones, hypertrophy of the nasal turbinates, a deviated nasal septum, as well as injuries to his eye.

28.     The Subject Front-Line Visor, serial number, EN ISO 10256, was designed and manufactured by FRONTIER and BOSPORT, and each of them, and distributed by MONTREAL to a dealer located in the State of Illinois.

29.     Plaintiff, MARK PACCHINI, purchased the Subject Front-Line Visor, serial number EN ISO 10256, from a retail shop physically located in the State of Illinois.

30.     On and before August 11, 2018, and at all relevant times, FRONTIER published product literature to the effect that the Subject Visor is tested to resist extreme impacts.

31.     On and before August 11, 2018, and at all relevant times, FRONTIER published promotional videos showing an experiment in which the FRONTIER visor withstands extreme impact from a hockey puck without fracturing.

32.     PLAINTIFF purchased the Subject Visor in reliance on these representations.

33.     Despite these representations, the Subject Front-Line Visor, serial number EN ISO 10256, was designed and manufactured using a substandard polycarbonate that was of insufficient molecular weight and thickness to withstand the impact force of a hockey puck.

34.    This defect in the design and manufacture of the Subject Visor caused the Subject Front-Line Visor, serial number EN ISO 10256, to fail when used for its intended and reasonably foreseeable purpose by Plaintiff, MARK PACCHINI, on August 11, 2018.

## COUNT I – NEGLIGENCE – FRONTIER HOCKEY OÜ

35.    Plaintiff, MARK PACCHINI, hereby incorporates by reference Paragraphs 1-34 of this Complaint as if fully set forth herein and further alleges as to Defendant, FRONTIER HOCKEY OÜ (hereinafter "FRONTIER"), as follows:

36.    That on and before August 11, 2018, and at all times herein relevant, Defendant, FRONTIER, owed a duty of reasonable care in its conduct, including its design, manufacture, assembly, marketing, sale, and post-sale support of the Subject Front-Line Visor, serial number EN ISO 10256, so as not to cause injury to persons using the Subject Front-Line Visor, serial number EN ISO 10256, for its intended and reasonably foreseeable uses, including Plaintiff, MARK PACCHINI.

37.    That on and before August 11, 2018, and at all times herein relevant, and notwithstanding the aforesaid duty, Defendant, FRONTIER, individually and through its agents or employees, breached its duties to Plaintiff, MARK PACCHINI, in one or more of the following particulars:

a.    Negligently and carelessly designed the Subject Front-Line Visor using a substandard polycarbonate that rendered it of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing;

b.    Negligently and carelessly manufactured the Subject Front-Line Visor using a substandard polycarbonate that rendered it of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing;

c.    Negligently and carelessly failed to warn foreseeable users and consumers that the Subject Front-Line Visor was of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing;

    d.   Negligently and carelessly tested the Subject Front-Line Visor to ensure that it was of sufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing and/or that was otherwise reasonably safe for its intended and reasonably foreseeable uses;

    e.   Negligently and carelessly marketed, sold and released into the stream of commerce the Subject Front-Line Visor when it knew or reasonably should have known that it was of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing; and/or

    f.   Was otherwise negligent in the design, testing, manufacture, failure to warn, marketing, sale, and post-sale support of the Subject Front-Line Visor in particulars to be determined through discovery in this action.

38.    That on August 11, 2018, and as a direct and proximate result of the aforesaid breach of duties by Defendant, FRONTIER, the Subject Front-Line Visor was caused to and did shatter as a result of being struck by a hockey puck while being worn by Plaintiff, MARK PACCHINI, causing Plaintiff, MARK PACCHINI to suffer serious bodily injuries and physical harm.

39.    That as a result of his injuries, Plaintiff, MARK PACCHINI, was caused to and will in the future experience great pain and suffering; has suffered and will in the future suffer disability and disfigurement; has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services; has suffered and will in the future suffer a loss of value of his time, earnings, profits and salaries and has been damaged in his earning capacity; and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARK PACCHINI, prays that judgment be entered in his favor and against Defendant, FRONTIER HOCKEY OÜ, in a sum in excess of five-hundred thousand dollars ($500,000.00+) together with attorneys' fees, costs, and pre-judgment interest.

8

## COUNT II – BREACH OF WARRANTIES – FRONTIER HOCKEY OÜ

40.    Plaintiff, MARK PACCHINI, hereby incorporates by reference Paragraphs 1-39 of this Complaint as if fully set forth herein and further alleges as to Defendant, FRONTIER HOCKEY OÜ (hereinafter "FRONTIER"), as follows:

41.    That at all relevant times, Defendant, FRONTIER HOCKEY OÜ, warranted both expressly and impliedly that its design, testing, manufacture, warning, marketing, sale and release into the stream of commerce of the Subject Front-Line Visor, serial number EN ISO 10256, was free of defects and safe and reasonably fit for its intended and reasonably foreseeable use and purpose.

42.    That notwithstanding Defendant, FRONTIER's, express and implied warranties of fitness for its intended use and purpose, the Subject Front-Line Visor, serial number EN ISO 10256, was defective, unsafe, dangerous and unfit for its foreseeable use and purpose that created an unreasonable hazard when the Subject Front-Line Visor, serial number EN ISO 10256, was used in a reasonable and foreseeable manner.

43.    That on August 11, 2018, and as a direct and proximate result of the breach of warranties by Defendant, FRONTIER, the Subject Front-Line Visor, serial number EN ISO 10256, was caused to and did shatter as a result of being struck by a hockey puck while being worn by Plaintiff, MARK PACCHINI, causing Plaintiff, MARK PACCHINI to suffer serious bodily injuries and physical harm.

44.    That as a result of his injuries, Plaintiff, MARK PACCHINI, was caused to and will in the future experience great pain and suffering; has suffered and will in the future suffer disability and disfigurement; has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services; has suffered and will in the future suffer a loss of

value of his time, earnings, profits and salaries and has been damaged in his earning capacity; and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARK PACCHINI, prays that judgment be entered in his favor and against Defendant, FRONTIER HOCKEY OÜ, in a sum in excess of five-hundred thousand dollars ($500,000.00+) together with attorneys' fees, costs, and pre-judgment interest.

## COUNT III – STRICT LIABILITY – FRONTIER HOCKEY OÜ

45.     Plaintiff, MARK PACCHINI, hereby incorporates by reference Paragraphs 1-44 of this Complaint as if fully set forth herein and further alleges as to Defendant, FRONTIER HOCKEY OÜ (hereinafter "FRONTIER"), as follows:

46.     That Defendant, FRONTIER, is strictly liable to Plaintiff, MARK PACCHINI, as contemplated by the Restatement of the Law, second, (Torts) section 402A because it sold and released into the stream of commerce the Subject Front-Line Visor, serial number EN ISO 10256, that it knew or should have known was in a defective condition unreasonably dangerous to Plaintiff, MARK PACCHINI, the ultimate user, because it was manufactured using a substandard polycarbonate that rendered it of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing.

47.     That Defendant, FRONTIER, is the designer, manufacturer and seller of the Subject Front-Line Visor, serial number EN ISO 10256, and is engaged in the business of designing, manufacturing, and selling hockey equipment worldwide.

48.     That the Subject Front-Line Visor, serial number EN ISO 10256, was expected to and did reach the user, Plaintiff, MARK PACCHINI, without substantial change in the condition in which it was sold and/or having been modified, altered, or maintained in accordance with manuals and instructions published by Defendant, FRONTIER.

49.     That on August 11, 2018, and as a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Front-Line Visor, serial number EN ISO 10256, and the strict liability in tort of Defendant, FRONTIER, the Subject Front-Line Visor, serial number EN ISO 10256, was caused to and did shatter as a result of being struck by a hockey puck while being worn by Plaintiff, MARK PACCHINI, causing Plaintiff, MARK PACCHINI to suffer serious bodily injuries and physical harm.

50.     That as a result of his injuries, Plaintiff, MARK PACCHINI, was caused to and will in the future experience great pain and suffering; has suffered and will in the future suffer disability and disfigurement; has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services; has suffered and will in the future suffer a loss of value of his time, earnings, profits and salaries and has been damaged in his earning capacity; and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARK PACCHINI, prays that judgment be entered in his favor and against Defendant, FRONTIER HOCKEY OÜ, in a sum in excess of five-hundred thousand dollars ($500,000.00+) together with attorneys' fees, costs, and pre-judgment interest.

## COUNT IV – STRICT LIABILITY – MISREPRESENTATION – FRONTIER HOCKEY OÜ

51.     Plaintiff, MARK PACCHINI, hereby incorporates by reference Paragraphs 1-50 of this Complaint as if fully set forth herein and further alleges as to Defendant, FRONTIER HOCKEY OÜ (hereinafter "FRONTIER"), as follows:

52.     That Defendant, FRONTIER, is engaged in the business of designing, manufacturing and selling hockey equipment, including, but not limited to, the Subject Front-Line Visor, serial number EN ISO 10256, to users and consumers in the public, including to Plaintiff, MARK PACCHINI.

53.     That Defendant, FRONTIER, is strictly liable to Plaintiff, MARK PACCHINI, as contemplated by Restatement of the Law, second, (Torts) section 402B, because Defendant, FRONTIER, by advertising, labels, and/or otherwise made to the public, including Plaintiff, MARK PACCHINI, a misrepresentation of a material fact concerning the strength and impact resistance of the Subject Front-Line Visor, serial number EN ISO 10256, including in Defendant, FRONTIER'S, published literature and online YouTube videos, on which Plaintiff, MARK PACCHINI, justifiably relied when he purchased the Subject Front-Line Visor, serial number EN ISO 10256.

54.     That on August 11, 2018, and as a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Front-Line Visor, serial number EN ISO 10256, and the strict liability in tort of Defendant, FRONTIER, the Subject Front-Line Visor, serial number EN ISO 10256, was caused to and did shatter as a result of being struck by a hockey puck while being worn by Plaintiff, MARK PACCHINI, causing Plaintiff, MARK PACCHINI to suffer serious bodily injuries and physical harm.

55.     That as a result of his injuries, Plaintiff, MARK PACCHINI, was caused to and will in the future experience great pain and suffering; has suffered and will in the future suffer disability and disfigurement; has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services; has suffered and will in the future suffer a loss of value of his time, earnings, profits and salaries and has been damaged in his earning capacity; and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARK PACCHINI, prays that judgment be entered in his favor and against Defendant, FRONTIER HOCKEY OÜ, in a sum in excess of five-hundred thousand dollars ($500,000.00+) together with attorneys' fees, costs, and pre-judgment interest.

## COUNT V – NEGLIGENCE – BOSPORT S.R.O.

56.　　Plaintiff, MARK PACCHINI, hereby incorporates by reference Paragraphs 1-55 of this Complaint as if fully set forth herein and further alleges as to Defendant, BOSPORT S.R.O. (hereinafter "BOSPORT"), as follows:

57.　　That on and before August 11, 2018, and at all times herein relevant, Defendant, BOSPORT, owed a duty of reasonable care in its conduct, including its design, manufacture, assembly, marketing, sale, and post-sale support of the Subject Front-Line Visor, serial number EN ISO 10256, so as not to cause injury to persons, including Plaintiff, MARK PACCHINI, using the product for its intended and reasonably foreseeable uses.

58.　　That on and before August 11, 2018, and at all times herein relevant, and notwithstanding the aforesaid duty, Defendant, BOSPORT, individually and through its agents or employees, breached its duties to Plaintiff, MARK PACCHINI, in one or more of the following particulars:

    a.　Negligently and carelessly designed the Subject Front-Line Visor using a substandard polycarbonate that rendered it of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing;

    b.　Negligently and carelessly manufactured the Subject Front-Line Visor using a substandard polycarbonate that rendered it of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing;

    c.　Negligently and carelessly failed to warn foreseeable users and consumers that the Subject Front-Line Visor was of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing;

    d.　Negligently and carelessly tested the Subject Front-Line Visor to ensure that it was of sufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing and/or that was otherwise reasonably safe for its intended and reasonably foreseeable uses;

    e.　Negligently and carelessly marketed, sold and released into the stream of commerce the Subject Front-Line Visor when it knew or reasonably should have known that

it was of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing; and/or

f.  Was otherwise negligent in the design, testing, manufacture, failure to warn, marketing, sale, and post-sale support of the Subject Front-Line Visor in particulars to be determined through discovery in this action.

59.  That on August 11, 2018, and as a direct and proximate result of the aforesaid breach of duties by Defendant, BOSPORT, the Subject Front-Line Visor was caused to and did shatter as a result of being struck by a hockey puck while being worn by Plaintiff, MARK PACCHINI, causing Plaintiff, MARK PACCHINI, to suffer serious bodily injuries and physical harm.

60.  That as a result of his injuries, Plaintiff, MARK PACCHINI, was caused to and will in the future experience great pain and suffering; has suffered and will in the future suffer disability and disfigurement; has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services; has suffered and will in the future suffer a loss of value of his time, earnings, profits and salaries and has been damaged in his earning capacity; and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARK PACCHINI, prays that judgment be entered in his favor and against Defendant, BOSPORT S.R.O., in a sum in excess of five-hundred thousand dollars ($500,000.00+) together with attorneys' fees, costs, and pre-judgment interest.

## COUNT VI – BREACH OF WARRANTIES – BOSPORT S.R.O.

61.  Plaintiff, MARK PACCHINI, hereby incorporates by reference Paragraphs 1-60 of this Complaint as if set forth herein and further alleges as to Defendant, BOSPORT S.R.O. (hereinafter "BOSPORT"), as follows:

62.  That at all relevant times, Defendant, BOSPORT, warranted both expressly and impliedly that its design, testing, manufacture, warning, marketing, sale and release into the stream

of commerce of the Subject Front-Line Visor, serial number EN ISO 10256, was free of defects and safe and reasonably fit for its intended and reasonably foreseeable use and purpose.

63.     That notwithstanding Defendant, BOSPORT's, express and implied warranties of fitness for its intended use and purpose, the Subject Front-Line Visor, serial number EN ISO 10256, was defective, unsafe, dangerous and unfit for its foreseeable use and purpose that created an unreasonable hazard when the Subject Front-Line Visor, serial number EN ISO 10256, was used in a reasonable and foreseeable manner.

64.     That on August 11, 2018, and as a direct and proximate result of the breach of warranties by Defendant, BOSPORT, the Subject Front-Line Visor, serial number EN ISO 10256, was caused to and did shatter as a result of being struck by a hockey puck while being worn by Plaintiff, MARK PACCHINI, causing Plaintiff, MARK PACCHINI, to suffer serious bodily injuries and physical harm.

65.     That as a result of his injuries, Plaintiff, MARK PACCHINI, was caused to and will in the future experience great pain and suffering; has suffered and will in the future suffer disability and disfigurement; has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services; has suffered and will in the future suffer a loss of value of his time, earnings, profits and salaries and has been and will be damaged in his earning capacity; and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARK PACCHINI, prays that judgment be entered in his favor and against Defendant, BOSPORT S.R.O., in a sum in excess of five-hundred thousand dollars ($500,000.00+) together with attorneys' fees, costs, and pre-judgment interest.

## COUNT VII – STRICT LIABILITY – BOSPORT S.R.O.

66.     Plaintiff, MARK PACCHINI, hereby incorporates by reference Paragraphs 1-65 of this Complaint as if fully set forth herein and further alleges as to Defendant, BOSPORT S.R.O. (hereinafter "BOSPORT"), as follows:

67.     That Defendant, BOSPORT, is strictly liable to Plaintiff, MARK PACCHINI, as contemplated by the Restatement of the Law, second, (Torts) section 402A because it sold and released into the stream of commerce the Subject Front-Line Visor, serial number EN ISO 10256, that it knew or should have known was in a defective condition unreasonably dangerous to Plaintiff, MARK PACCHINI, the ultimate user, because it was manufactured using a substandard polycarbonate that rendered it of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing.

68.     That Defendant, BOSPORT, is the producer and seller of the Subject Front-Line Visor, serial number EN ISO 10256, and is engaged in the business of producing and selling visors for hockey brands worldwide.

69.     That the Subject Front-Line Visor, serial number EN ISO 10256, was expected to and did reach the user, Plaintiff, MARK PACCHINI, without substantial change in the condition in which it was sold and/or having been modified, altered, or maintained in accordance with manuals and instructions published by Defendant, BOSPORT.

70.     That on August 11, 2018, and as a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Front-Line Visor, serial number EN ISO 10256, and the strict liability in tort of Defendant, BOSPORT, the Subject Front-Line Visor, serial number EN ISO 10256, was caused to and did shatter as a result of being struck by a hockey puck while

being worn by Plaintiff, MARK PACCHINI, causing Plaintiff, MARK PACCHINI, to suffer serious bodily injuries and physical harm.

71.    That as a result of his injuries, Plaintiff, MARK PACCHINI, was caused to and will in the future experience great pain and suffering; has suffered and will in the future suffer disability and disfigurement; has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services; has suffered and will in the future suffer a loss of value of his time, earnings, profits and salaries and has been damaged in his earning capacity; and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARK PACCHINI, prays that judgment be entered in his favor and against Defendant, BOSPORT S.R.O., in a sum in excess of five-hundred thousand dollars ($500,000.00+) together with attorneys' fees, costs, and pre-judgment interest.

## COUNT VIII – STRICT LIABILITY – MISREPRESENTATION – BOSPORT S.R.O.

72.    Plaintiff, MARK PACCHINI, hereby incorporates by reference Paragraphs 1-71 of this Complaint as if fully set forth herein and further alleges as to Defendant, BOSPORT S.R.O. (hereinafter "BOSPORT"), as follows:

73.    That Defendant, BOSPORT, is engaged in the business of selling and producing hockey equipment, including, but not limited to, the Subject Front-Line Visor, serial number EN ISO 10256, to users and consumers in the public, including Plaintiff, MARK PACCHINI.

74.    That Defendant, BOSPORT, is strictly liable to Plaintiff, MARK PACCHINI, as contemplated by the Restatement of the Law, second, (Torts) section 402B, because Defendant, BOSPORT, by advertising, labels, and/or otherwise made to the public, including Plaintiff, MARK PACCHINI, a misrepresentation of material fact concerning the strength and impact resistance of its Front-Line Visors, including the Subject Front-Line Visor, serial number EN ISO 10256,

including in Defendant, BOSPORT'S, published literature and online YouTube videos, on which Plaintiff, MARK PACCHINI, justifiably relied when he purchased the Subject Front-Line Visor, serial number EN ISO 10256.

75.     That on August 11, 2018, and as a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Front-Line Visor, serial number EN ISO 10256, and the strict liability in tort of Defendant, BOSPORT, the Subject Front-Line Visor, serial number EN ISO 10256, was caused to and did shatter as a result of being struck by a hockey puck while being worn by Plaintiff, MARK PACCHINI, causing Plaintiff, MARK PACCHINI, to suffer serious bodily injuries and physical harm.

76.     That as a result of his injuries, Plaintiff, MARK PACCHINI, was caused to and will in the future experience great pain and suffering; has suffered and will in the future suffer disability and disfigurement; has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services; has suffered and will in the future suffer a loss of value of his time, earnings, profits and salaries and has been damaged in his earning capacity; and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARK PACCHINI, prays that judgment be entered in his favor and against Defendant, BOSPORT S.R.O., in a sum in excess of five-hundred thousand dollars ($500,000.00+) together with attorneys' fees, costs, and pre-judgment interest.

## COUNT IX – NEGLIGENCE – MONTREAL HOCKEY CO. LLC

77.     Plaintiff, MARK PACCHINI, hereby incorporates by reference Paragraphs 1-76 of this Complaint as if fully set forth herein and further alleges as to Defendant, MONTREAL HOCKEY CO. LLC (hereinafter "MONTREAL"), as follows:

78.     That on and before August 11, 2018, and at all times herein relevant, Defendant, MONTREAL, owed a duty of reasonable care in its conduct, including its design, manufacture, assembly, marketing, sale, and post-sale support of the Subject Front-Line Visor, serial number EN ISO 10256, so as not to cause injury to persons, including Plaintiff, MARK PACCHINI, using the product for its intended and reasonably foreseeable uses.

79.     That on and before August 11, 2018, and at all times herein relevant, and notwithstanding the aforesaid duty, Defendant, MONTREAL, individually and through its agents or employees, breached its duties to Plaintiff, MARK PACCHINI, in one or more of the following particulars:

    a.  Negligently and carelessly failed to warn foreseeable users and consumers that the Subject Front-Line Visor was of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing;

    b.  Negligently and carelessly marketed, sold and released into the stream of commerce the Subject Front-Line Visor when it knew or reasonably should have known that it was of insufficient molecular weight and thickness to withstand the impact force of a hockey puck without fracturing; and/or

    c.  Was otherwise negligent in the design, testing, manufacture, failure to warn, marketing, sale, and post-sale support of the Subject Front-Line Visor in particulars to be determined through discovery in this action.

80.     That on August 11, 2018, and as a direct and proximate result of the aforesaid breach of duties by Defendant, MONTREAL, the Subject Front-Line Visor was caused to and did shatter as a result of being struck by a hockey puck while being worn by Plaintiff, MARK PACCHINI, causing Plaintiff, MARK PACCHINI, to suffer serious bodily injuries and physical harm.

81.     That as a result of his injuries, Plaintiff, MARK PACCHINI, was caused to and will in the future experience great pain and suffering; has suffered and will in the future suffer disability and disfigurement; has been caused to incur and will in the future incur expenses for

necessary medical care, treatment and services; has suffered and will in the future suffer a loss of value of his time, earnings, profits and salaries and has been damaged in his earning capacity; and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARK PACCHINI, prays that judgment be entered in his favor and against Defendant, MONTREAL HOCKEY CO. LLC, in a sum in excess of five-hundred thousand dollars ($500,000.00+) together with attorneys' fees, costs, and pre-judgment interest.

### COUNT X – BREACH OF WARRANTIES – MONTREAL HOCKEY CO. LLC

82.     Plaintiff, MARK PACCHINI, hereby incorporates by reference Paragraphs 1-81 of this Complaint as if fully set forth herein and further alleges as to Defendant, MONTREAL HOCKEY CO. LLC (hereinafter "MONTREAL") as follows:

83.     That at all relevant times, Defendant, MONTREAL, warranted both expressly and impliedly that its design, testing, manufacture, warning, marketing, sale and release into the stream of commerce of the Subject Front-Line Visor, serial number EN ISO 10256, was free of defects and safe and reasonably fit for its intended and reasonably foreseeable use and purpose.

84.     That notwithstanding Defendant, MONTREAL's, express and implied warranties of fitness for its intended use and purpose, the Subject Front-Line Visor, serial number EN ISO 10256, was defective, unsafe, dangerous and unfit for its foreseeable use and purpose that created an unreasonable hazard when the Subject Front-Line Visor, serial number EN ISO 10256, was used in a reasonable and foreseeable manner.

85.     That on August 11, 2018, and as a direct and proximate result of the breach of warranties by Defendant, MONTREAL, the Subject Front-Line Visor, serial number EN ISO 10256, was caused to and did shatter as a result of being struck by a hockey puck while being worn

by Plaintiff, MARK PACCHINI, causing Plaintiff, MARK PACCHINI, to suffer serious bodily injuries and physical harm.

86.     That as a result of his injuries, Plaintiff, MARK PACCHINI, was caused to and will in the future experience great pain and suffering; has suffered and will in the future suffer disability and disfigurement; has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services; has suffered and will in the future suffer a loss of value of his time, earnings, profits and salaries and has been and will be damaged in his earning capacity; and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARK PACCHINI, prays that judgment be entered in his favor and against Defendant, MONTREAL HOCKEY CO. LLC, in a sum in excess of five-hundred thousand dollars ($500,000.00+) together with attorneys' fees, costs, and pre-judgment interest.

## COUNT XI – STRICT LIABILITY – MONTREAL HOCKEY CO. LLC

87.     Plaintiff, MARK PACCHINI, hereby incorporates by reference Paragraphs 1-86 of this Complaint as if fully set forth herein and further alleges as to Defendant, MONTREAL HOCKEY CO. LLC (hereinafter "MONTREAL"), as follows:

88.     That Defendant, MONTREAL, is strictly liable to Plaintiff, MARK PACCHINI, as contemplated by the Restatement of the Law, second, (Torts) section 402A because it sold and released into the stream of commerce the Subject Front-Line Visor, serial number EN ISO 10256, that it knew or should have known was in a defective condition unreasonably dangerous to Plaintiff, MARK PACCHINI, the ultimate user.

89.     That Defendant, MONTREAL, is the distributor of the Subject Front-Line Visor, serial number EN ISO 10256, and is engaged in the business of distributing visors and equipment for Defendant, FRONTIER HOCKEY OÜ, in the United States, including in the State of Illinois.

21

90.     That the Subject Front-Line Visor, serial number EN ISO 10256, was expected to and did reach the user, Plaintiff, MARK PACCHINI, without substantial change in the condition in which it was sold and/or having been modified, altered, or maintained in accordance with manuals and instructions published by Defendant, MONTREAL.

91.     That on August 11, 2018, and as a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Front-Line Visor, serial number EN ISO 10256, and the strict liability in tort of Defendant, MONTREAL, the Subject Front-Line Visor, serial number EN ISO 10256, was caused to and did shatter as a result of being struck by a hockey puck while being worn by Plaintiff, MARK PACCHINI, causing Plaintiff, MARK PACCHINI, to suffer serious bodily injuries and physical harm.

92.     That as a result of his injuries, Plaintiff, MARK PACCHINI, was caused to and will in the future experience great pain and suffering; has suffered and will in the future suffer disability and disfigurement; has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services; has suffered and will in the future suffer a loss of value of his time, earnings, profits and salaries and has been damaged in his earning capacity; and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARK PACCHINI, prays that judgment be entered in his favor and against Defendant, MONTREAL HOCKEY CO. LLC, in a sum in excess of five-hundred thousand dollars ($500,000.00+) together with attorneys' fees, costs, and pre-judgment interest.

**<u>JURY DEMAND</u>**

Plaintiff, MARK PACCHINI, demands trial by jury on all issues so triable.

Dated:   May 22, 2019

Respectfully submitted,

_s/ Larry S. Kaplan_
Larry S. Kaplan – ARDC No. 1398717
Marnie A. Holz – ARDC No. 6309264
KMA ZUCKERT LLC
200 West Madison Street, 16th Floor
Chicago, Illinois 60606
lkaplan@kmazuckert.com
mholz@kmazuckert.com
Telephone: (312) 345-3000
Facsimile: (312) 345-3119

_Attorneys for Plaintiff,_
_Mark Pacchini_